## WILDER ET AL. VS. MAYO.

In an action of ejectment, a replication to the plea of limitation that several of the plaintiffs were infants, is good on demurrer as to those within the saving clause, and the heirs of a deceased infant plaintiff, but the saving as to the infants did not remove the bar as to those of age and otherwise barred.

*Appeal from Monroe Circuit Court.*

Hon. J. C. TAPPAN, Special Judge.

GARLAND & RANDOLPH, for the appellants.

The replication set up the infancy of three of the plaintiffs and came within the statutory exception. *Gould's Dig., p.* 749, *sec.* 5. The land was not divided between the Wilder heirs, and this disability enured to the benefit of all. So far as this suit is concerned, on part of plaintiffs, but one interest was before the court, and the infancy of some of the plaintiffs was sufficient to take the case out of the statute. It has been held expressly that the interest of one of several persons, having a part interest in land will protect the rights of those of full age from the operation of the statute. *Lahiffe vs. Smart,* 1 *Bailey (S. C.) Rep.* 195; *Gaillard vs. Thompson,* 3 *Rich. Rep.* 418; *Lewis vs. Barksdale,* 2 *Brock. C. C. Rep.* 436. The ruling of the court below on the demurrer is adverse to the opinion in *Mitchell and wife vs. Etter,* 22 *Ark.,* in which the child's portion was saved to Mrs. Mitchell, who took the land as mother of the child, and the same disability was there relied on as is pleaded in this suit.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Mayo, being defendant to an action of ejectment brought by the heirs of Daniel Wilder, pleaded three pleas of possession, which the plaintiffs denied, and also filed an additional replication to each plea, stating that Lorenzo J. Wilder, one of the plaintiffs, was an infant in September, 1854, that Gabrielle A. Wilder was an infant at the time the suit was begun, and Jemima C. Wilder was also an infant at the beginning of the suit, and that she had since died, leaving the other plaintiffs her heirs.

The terms of the possession relied on in the several pleas were three, seven and ten years, and less than three years had elapsed from the majority of Lorenzo J. Wilder, to the commencement of the suit, as would appear by the plea. The defendant, Mayo, demurred to the replications, and the court sustained the demurrer. The plaintiffs contend that the interest of the three plaintiffs named in the replications were not barred by the pleas, and in this they are upheld by the opinion of Scott, judge, in *Lytle vs. The State*, 17 *Ark.*, 649, 661, upon the *4th sec. of ch.* 99, *of English's Digest*. Although upon that question, the opinion is but the opinion of one judge, we adopt it as the proper construction of the statute under consideration, which is conclusive against the demurrer to the replication to the fourth plea of Mayo, the one relying upon the possession of ten years. The proviso contained in the section referred to, is continued in *secs.* 1 *and* 2, *of ch.* 106, *of Gould's Digest*, upon which the second and third pleas were framed, and the same construction applied to those sections. The court then erred in sustaining the demurrers to the second, third and fourth pleas, for the interest of Gabrielle A. Wilder, and Lorenzo J. Wilder, were several interests, and the plaintiffs should not have been precluded from asserting those interests; while the interest of Jemima C. Wilder, at her death, passed to the other plaintiffs, which they also should have been allowed to assert, unaffected by the statutes pleaded for Mayo's defence. *Mitchell vs. Etter*, 22 *Ark.*, upon the latter point.

The infancy of the plaintiffs named, did not save the rights of

the other plaintiffs from the effect of any limitation applicable to them, as is shown by the case of *Lytle vs. The State.*

The judgment of the Circuit Court of Monroe county is reversed, with instruction to overrule the demurrer to the replications, herein held to be good.